DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LOUIS MILTON WILLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-0021 |
| | ) |
| DENISE N. GEORGE, | ) |
| | ) |
| Respondent. | ) |
| | ) |

ATTORNEYS:

**Kelechukwu Chidi Onyejekwe**
Office of the Territorial Public Defender
St. Thomas, U.S.V.I.
    *For Petitioner Louis Milton Willis*

**Denise N. George, AG**
**Ian S.A Clement, AAG**
V.I. Department of Justice
St. Thomas, U.S.V.I.
    *For Respondent Denise N. George*

# MEMORANDUM OPINION

**MOLLOY, J.**

    **THIS MATTER** comes before the Court on a Petition for Writ of Habeas Corpus filed by Louis Milton Willis ("Willis")." (ECF No. 5). For the reasons stated below, the Court will deny the petition.

## I. FACTUAL AND PROCEDURAL HISTORY

    The underlying criminal proceedings that gave rise to Willis's convictions stem from when he served as the Director of the Virgin Islands Bureau of Internal Revenue from 2000 to 2006, and for a short period thereafter. From 2002 through 2008, Willis provided Balboa Construction, Inc. ("Balboa"), a Virgin Islands company, falsified tax clearance letters

asserting that the company was current on all of its tax obligations.[1] Balboa was not current, however, on its obligation to pay the Virgin Islands Bureau of Revenue ("VIBIR") gross receipts taxes. In February of 2008, Willis prepared falsified gross receipt returns for Balboa, which underreported Balboa's gross receipts for the years 2002 through 2007.[2]

The Government of the Virgin Islands ("GVI") initiated criminal proceedings against Willis in the Virgin Islands Superior Court, charging him with conspiring to evade or defeat taxes in violation of 33 V.I.C. § 1552 and willfully failing to collect or pay taxes in violation of 33 V.I.C. § 1523. Willis moved to dismiss the charges against him, arguing that 48 U.S.C. § 1612 granted the District Court of the Virgin Islands exclusive jurisdiction over these crimes. The Superior Court denied Willis's motion. After a jury trial, Willis was convicted of both crimes.

Willis appealed his convictions to the Supreme Court of the Virgin Islands, again arguing that the Superior Court was without jurisdiction over the crimes charged against him. The Supreme Court rejected Willis's argument and affirmed the Superior Court's judgment. Willis subsequently petitioned the United States Supreme Court for a writ of certiorari, which the United States Supreme Court denied on January 27, 2020.

On March 2, 2020, Willis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Willis argues that 48 U.S.C. § 1612's grant to the District Court of the Virgin Islands of exclusive jurisdiction over all criminal proceedings "with respect to the income tax laws applicable to the Virgin Islands" encompasses proceedings related to gross receipt taxes under 33 V.I.C. § 43 ("Section 43"). Accordingly, Willis argues, the Superior Court had no jurisdiction to conduct criminal proceedings with regards to the criminal offenses.

## II. LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the

---

[1] See *Willis v. People of the Virgin Islands*, 71 V.I. 789 (2019), for a general background of the underlying criminal case.
[2] Under Virgin Islands law, individuals and businesses must pay a tax of 4% tax on certain gross receipts from business income. *See generally* 33 V.I.C. § 43.

"fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A person in custody pursuant to a judgment of a state court must generally meet three requirements to obtain habeas relief: (1) exhaustion, *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); (2) lack of a procedural bar, *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); and (3) satisfaction of the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *Bell v. Cone*, 543 U.S. 447, 455 (2005).

### III. DISCUSSION

The Revised Organic Act of 1954 ("ROA") "operates as the territorial Constitution of the United States Virgin Islands." *Rodriquez v. 32nd Legislature of Virgin Islands*, 859 F.3d 199, 205 (3d Cir. 2017). Section 22 of the ROA, codified at 48 U.S.C. § 1612, "establishes the basic jurisdictional foundation of the District Court." *Brow v. Farrelly*, 994 F.2d 1027, 1033 (3d Cir. 1993), *as amended* (May 26, 1993). In relevant part, Section 1612 provides:

> The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands *with respect to the income tax laws applicable to the Virgin Islands*, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands.

48 U.S.C. § 1612(a) (emphasis added). Willis was prosecuted in the Virgin Islands Superior Court for crimes related to gross receipt taxes under 33 V.I.C. § 43. The sole question before the Court is whether 33 V.I.C. § 43 is an "income tax law[] applicable to the Virgin Islands" under Section 1612(a).[3]

---

[3] In *Travel Servs., Inc. v. Gov't of Virgin Islands*, 904 F.2d 186 (3d Cir. 1990), the plaintiff filed a complaint in the then Territorial Court (now Superior Court) against the GVI alleging that Section 43 was preempted by a federal statute. *Id.* at 187. The Territorial Court held that it was not and dismissed the plaintiff's claims. *Id.* On appeal, the Third Circuit held that "[t]he territorial court had subject matter jurisdiction pursuant to V.I. Code Ann. tit. 4, § 76(a) (Supp. 1989)." *Id.* That brief statement of jurisdiction was not accompanied by analysis, and the Court questions its precedential value. *See De Csepel v. Republic of Hungary*, 859 F.3d 1094, 1105–06 (D.C. Cir. 2017)

"It is the cardinal canon of statutory interpretation that a court must begin with the statutory language." *In re Philadelphia Newspapers, LLC,* 599 F.3d 298, 304 (3d Cir.2010). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54 (1992) (citations and quotation marks omitted).

When determining the meaning of a word or phrase in a statute, the Court's inquiry is not confined to the specific disputed portions. Rather, "a court must be mindful of the statute's object and policy and must read the disputed provision in the context of the entire statute and the provisions of related statutes." *N.J. Transit Policemen's Benev. Ass'n Local 304 v. New Jersey Transit Corp.*, 806 F.2d 451, 452–53 (3d Cir. 1986); *see also Hernandez v. Kalinowski*, 146 F.3d 196, 200 (3d Cir. 1998) ("[W]hen interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature. " (alterations and internal quotation marks omitted)).

The ROA does not explicitly define "income tax laws applicable to the Virgin Islands." 48 U.S.C. § 1612(a). As a general matter, an income tax is "[a] tax on an individual's or entity's net income." Black's Law Dictionary (11th ed. 2019). Net income "may be interpreted differently for each set of circumstances," *Patterson v. Patterson*, 596 N.E.2d 534, 537 (Ohio Ct. App. 1991), but as a general rule, net income is "[t]otal income from all sources minus

---

("As our court recently explained in *United States v. Jones*, 846 F.3d 366 (D.C. Cir. 2017), where 'our prior decisions merely stated without analysis that jurisdiction existed, those cursory and unexamined statements of jurisdiction have no precedential effect.'" (alterations omitted)). Because the Court independently concludes that Section 1612 does not grant the Court exclusive jurisdiction over proceedings related to Section 43, however, the Court need not address whether *Travel Services*'s jurisdictional holding is binding precedent.

deductions, exemptions, and other tax reductions," Black's Law Dictionary (11th ed. 2019); *see also Regents of the Univ. of New Mexico v. Knight*, No. CIV 99-577 JC/WDS, 2004 WL 6245686, at *3 (D.N.M. Jan. 8, 2004) (noting that, while "there is no set definition of net income," the term is generally understood to be "revenue remaining after certain expenses, deductions and other costs are subtracted"), *aff'd,* 116 F. App'x 258 (Fed. Cir. 2004).

Income taxes are distinguishable from gross receipt taxes. *See, e.g.*, *Cont'l Illinois Corp. v. Comm'r*, 998 F.2d 513, 518 (7th Cir. 1993) (distinguishing gross receipt tax from income tax); *Pan Am. World Airways, Inc. v. Duly Authorized Gov't of Virgin Islands*, 459 F.2d 387, 391 n.2 (3d Cir. 1972) (distinguishing "territorial income tax" from gross receipt tax). Gross receipt taxes are commonly understood to be "tax[es] on a business's gross receipts, without a deduction for costs of goods sold, or allowance for expenses or deductions." Black's Law Dictionary (11th ed. 2019). In keeping with this general definition, the Virgin Islands gross receipt tax is a tax on the "gross receipts" of an individual or entity "doing business in the Virgin Islands," 33 V.I.C. § 43(a), with "gross receipts" defined as

> all receipts, cash or accrued, of the taxpayer for services or derived from trade, business, commerce or sales, and the value accruing from the sale of tangible personal property or services, or both, including rentals, fees and other involvements, however, designated, *without any deduction on account of the cost of the property sold, the cost of materials used, labor cost, royalties, taxes, interest or discount paid, and any other expenses whatsoever*.

33 V.I.C. § 43(b) (emphasis added).

The Virgin Islands gross receipt tax is not a tax on net income but rather a tax on all revenue "without any deduction[s]." 33 V.I.C. § 43(b). This fact places the Virgin Islands gross receipt tax well outside the heartland of income taxes. Any remaining ambiguity surrounding the question of whether this gross receipt tax is an "income tax law[] applicable to the Virgin Islands" under Section 1612(a) is easily resolved when Section 1612(a) is viewed in the context of other federal laws governing the Virgin Islands. Specifically, the Virgin Islands taxation scheme.

The Naval Service Appropriation Act of 1922 provides:

> The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in

>  the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands . . . .

48 U.S.C. § 1397. Through this law, Congress set up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code" except as to those provisions that conflict with a separate tax structure. *HMW Indus., Inc., v. Wheatley,* 504 F.2d 146, 150 (3d Cir. 1974). This mirroring is accomplished by applying the Internal Revenue Code but "substitut[ing] the words 'Virgin Islands' for the words 'United States' in order to give the law proper effect." *Abramson Enterprises, Inc. v. Gov't of Virgin Islands of U.S.*, 994 F.2d 140, 142 (3d Cir. 1993) (quoting *Johnson v. Quinn,* 821 F.2d 212 (3d Cir. 1987)). The result is a taxing scheme where "an individual or corporation in the Virgin Islands pays taxes to the [VIBIR] equivalent to the taxes an individual or corporation under the same circumstances in the United States would pay the Internal Revenue Service." *Danbury, Inc. v. Olive,* 820 F.2d 618, 620 (3d Cir. 1987).

Given this backdrop, the only plausible interpretation of the "income tax laws applicable to the Virgin Islands," 48 U.S.C. § 1612(a), is that those are the "income-tax laws . . . in force in the Virgin Islands" under the Naval Service Appropriate Act of 1922, 48 U.S.C. § 1397. The grant to the District Court of the Virgin Islands exclusive jurisdiction over proceedings with respect to only these laws is logical, in that local court jurisdiction over the income tax laws would be "disfavored insofar as the Virgin Islands tax code 'mirrors' the United States federal tax code," a concern not relevant to a locally enacted tax law. *See Birdman v. Office of the Governor*, 677 F.3d 167, 177 (3d Cir. 2012). Indeed, the legislative history related to Section 1612 supports this conclusion.

> The Senate record reiterates that "the income tax laws applicable to the Virgin Islands are the provisions of the Internal Revenue Code." 130 Cong. Rec. 23,782, 23,789 (daily ed. Aug. 10, 1984). Thus, "uniformity of interpretation requires that questions involving the interpretation of those laws be litigated only in the Federal courts . . . ." *Id.* . . . . "This provision appears to be necessary in view of the characterization of the income tax laws of the Virgin Islands as a local Territorial tax which is reviewable in the district court only by virtue of local legislation." *Id.* (citing *Dudley v. Comm'r,* 258 F.2d 182 (3d Cir.1958)).

*Id.*

## IV. CONCLUSION

In sum, the plain language of Section 1612(a), the statutory context that provision must be read in, and the legislative history all point to the same conclusion: The Virgin Islands gross receipt tax is not an "income tax law[s] applicable to the Virgin Islands" within the meaning of Section 1612(a).[4] Accordingly, the Court will deny Willis's Habeas Petition. An appropriate Order follows.


**Date:** May 28, 2020                                          /s/ *Robert A. Molloy*
                                                                                   **ROBERT A. MOLLOY**
                                                                                   **District Judge**

---

[4] When issuing a final order denying a Section 2254 petition, a district court must determine whether a certificate of appealability will be issued. *See* 3d Cir. L.A.R. 22.2; *see also* Fed. R. App. P. 22(b)(1). A certificate of appealability is only appropriate if the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make a "substantial showing of the denial of a constitutional" a petitioner must show, at a minimum, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Willis has failed to make such a showing here. Accordingly, a certificate of appealability will not be issued.